IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BRYAN BROOKS,

    Petitioner,                       No. CIV S-03-1860 FCD PAN P

    vs.

KATHY PROSPER, et al.,

    Respondents.                  <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

            Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction, entered in the Sacramento County Superior Court pursuant to a no contest plea, on various state law criminal charges and the sentence imposed thereon. Petitioner claims that (1) the sentence enhancement imposed was unlawful because the prior conviction was too remote in time to be used as an enhancement; (2) the state trial court violated state rules by taking seventy days to resolve petitioner's state habeas corpus petition; and (3) he received ineffective assistance of counsel in connection with the entry of his no contest plea and at sentencing.

            On December 23, 2005, petitioner filed a document which he titled a motion for writ of error coram nobis. By that motion, petitioner seeks, <u>inter alia</u>, to add a claim that his counsel was ineffective in persuading petitioner to plead no contest to a charge of which he was

1

factually innocent.[1]  Specifically, petitioner contends that he pleaded no contest to conspiring to assault with a deadly weapon even though the police report "clearly stated" that there were no weapons found.  (Motion, filed December 13, 2005.)  The court construes the motion as a motion for leave to amend his habeas corpus petition to add this claim.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  After review of the record herein, the court finds petitioner has failed to exhaust state court remedies with respect to the proposed new claim.[2]  Accordingly, petitioner's request to add the claim should be denied.

Petitioner has also filed a motion for summary judgment, a motion for immediate release, and a document titled an emergency motion for a hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts.  In view of the findings and recommendations set forth below, all three motions should be denied.

The court turns now to the merit's of the claims raised in the petition.

---

[1] Petitioner also seeks resolution of the instant petition in his favor.  The court has separately issued findings and recommendations recommending the petition be denied.

[2] Moreover, the fact that the police report stated no weapons were found does not necessarily establish petitioner's factual innocence of the crime alleged in Count II of the amended information.  The crimes to which petitioner pleaded no contest involved a plan to extort money from an individual with whom petitioner was involved in a contractual dispute, Michael Martinez, to threaten Martinez with violence, and to have Martinez "severely" beaten by three individuals at petitioner's direction.  (See Reporter's Transcript on Appeal (RT), at 7.)  The fact that no weapons were found when the three individuals were arrested does not necessarily preclude a determination that the conspiracy to assault Martinez included consideration of the use of deadly weapons.  Finally, petitioner has made no contention that his lawyer failed to adequately advise him concerning the elements of the crimes to which his plea was entered, and the representations of petitioner and his counsel made in the record at the time petitioner entered his plea would belie such a contention.  (See, e.g., RT at 6-7.)

I.  Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at different result.  Early v. Packer, 573 U.S. 3, 8 (2002) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

    A. Improper Sentence Enhancement

Petitioner's first claim is that the trial court improperly enhanced his sentenced by using a prior conviction that was more than ten years old, contrary to the provisions of California Penal Code § 667.5.

The record reflects that petitioner was charged in an amended information, filed January 10, 2002, with four felony counts. (Clerk's Transcript on Appeal (CT) at 320-21.) The amended information also alleged that petitioner had in 1987 suffered a prior conviction for robbery, a serious felony under California Penal Code § 667(a), and that he therefore came within the provisions of California Penal Code §§ 667(b)-(i) and 1170.12. (Id. at 321-22.) Petitioner pleaded no contest to all four felony counts and admitted the 1987 robbery conviction came within the provisions of California Penal Code § 667(b). (RT at 15-16.) The trial court dismissed the allegation that petitioner's 1987 conviction was a prior conviction within the meaning of California Penal Code § 667(a). (RT at 17-18.)

At sentencing, the court sentenced petitioner to, inter alia, the upper term of four years for his conviction on Count II of the information. (RT at 80.) The court doubled that four year term based on petitioner's admission of the prior conviction. (Id. at 80-81.) See California Penal Code § 667(e)(1). The abstract of judgment reflects that petitioner was sentenced pursuant to California Penal Code § 667(b)-(i) or § 1170.12. (CT at 461.)

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also, Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.

4

Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Petitioner's first claim is based on alleged error in the interpretation and/or application of state law and is therefore not cognizable in this federal habeas corpus proceeding.[3]

### B. Ineffective Assistance of Counsel

Petitioner's second claim is that he received constitutionally ineffective assistance of counsel when his trial counsel "persuaded petitioner to plead no contest under duress and conditional threat." (Petition, at 6.) The last reasoned rejection of petitioner's claim that his counsel coerced petitioner into pleading no contest is the November 19, 2003 decision of the Sacramento County Superior Court, which rejected the claim on the ground that counsel had not given petitioner incorrect advice in connection with entry of the plea. (Document No. 4, lodged January 14, 2005, Order dated November 19, 2003, at 2.)

The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

---

[3] Petitioner's claim is grounded in an error of fact. There is no evidence in the record that the enhancement provisions of California Penal Code § 667.5 were applied in connection with petitioner's sentence. See, e.g., CT at 461; see also Document # 2, lodged January 14, 2005, Order of the Sacramento Superior Court dated January 15, 2003. Moreover, unlike California Penal Code § 667.5, the provisions of California Penal Code § 667(b)-(i) contain no limitation on the age of any felony conviction which may be used for enhancement purposes under that section.

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Williams v. Taylor, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). In the context of a guilty plea, prejudice is found where "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A no contest plea, like a guilty plea,[4] must be knowing, intelligent and voluntary. Brady v. United States, 397 U.S. 742, 748 (1970); such a plea "is void if it is 'induced by promises or threats which deprive it of the nature of a voluntary act.'" Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986) (quoting Machibroda v. United States, 368 U.S. 487, 493 (1972)). "The voluntariness of [petitioner's] . . . plea can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749. A defendant may attack the "voluntary and intelligent character of the guilty plea" by showing that he received incompetent advice from counsel in connection with entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for City of Santa Clara, 632 F.2d 767, 769-70 (9th Cir. 1980).

In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court addressed the presumption of verity to be given the plea proceeding record when the plea is subsequently challenged in a collateral proceeding. While noting that a defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the Court stated that, nonetheless, those representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral

---

[4] Under California law, a plea of nolo contendere has the same effect as a plea of guilty. See, e.g., People v. West, 3 Cal.3d 595 (1970). Accordingly, federal constitutional principles governing guilty pleas apply to this aspect of petitioner's ineffective assistance of counsel claim. See Miller v. McCarthy, 607 F.2d 854, 856 (1979).

1  proceedings. Solemn declarations in open court carry a strong presumption of verity."
2  Blackledge, 431 U.S. at 74.
3         At the time he entered his plea, petitioner represented in open court that neither he
4  nor anyone else had been threatened in any way in connection with his no contest plea. (RT at
5  13.) There is no evidence in the record to contravene that representation, nor has petitioner
6  presented any evidence that his no contest plea was the product of unconstitutional coercion by
7  his attorney. The state court's rejection of this claim was neither contrary to, nor an unreasonable
8  application of, applicable standards of federal law.
9         Petitioner also claims that his attorney was ineffective at sentencing by failing to
10 challenge the trial court's denial of petitioner's motion to strike the prior conviction for
11 sentencing. The record reflects that petitioner's trial counsel did move to strike the prior
12 conviction and argued at the sentencing hearing in support of that motion. (RT at 69-76.) The
13 record simply does not support petitioner's contention that his counsel performed ineffectively in
14 connection with the sentencing proceedings, or that the outcome of the sentencing proceedings
15 would have been different had counsel somehow further contested the court's denial of his
16 motion to strike the prior conviction.
17         For the foregoing reasons, petitioner's second claim for relief should be denied.
18    C. Failure to Timely Resolve State Habeas Petition
19         Petitioner's third claim is that the state trial court violated Rule 260(a) of the
20 California Rules of Court by taking seventy days to decide a habeas corpus petition filed by
21 petitioner on November 6, 2002. This claim is grounded in state law and is not cognizable in this
22 federal habeas corpus proceeding. See Middleton v. Cupp, 768 F.2d at 1085.
23         For all of the foregoing reasons, petitioner's application for a writ of habeas
24 corpus should be denied.
25         In accordance with the above, IT IS HEREBY RECOMMENDED that:
26 /////

1. Petitioner's December 23, 2005 motion for a writ of error coram nobis be construed as a motion for leave to amend the petition and, so construed, be denied;

2. Petitioner's June 1, 2006 motion for summary judgment be denied;

3. Petitioner's June 12, 2006 request for immediate release be denied;

4. Petitioner's June 12, 2006 motion pursuant to Rule 8 be denied; and

5. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2006.

UNITED STATES MAGISTRATE JUDGE

/broo1860.157